PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | ) | |
|---|---|---|
| LUIS A. ZULUAGA, | ) | CASE NO. 4:09-CV-01326 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE ECONOMUS |
| v. | ) | |
| | ) | MAGISTRATE JUDGE PEARSON |
| T.R. SNIEZEK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT AND RECOMMENDATION** |

Before the Court is Defendant Dominic Quinn's Motion to Dismiss Plaintiff Luis A. Zuluaga's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] ECF No. 20. Defendant Dominic Quinn ("Quinn") seeks the dismissal of Plaintiff Luis A. Zuluaga's ("Zuluaga") Complaint for failure to properly exhaust all administrative remedies available to him and thereby, "depriving this Court of subject matter jurisdiction over this case." ECF No. 20 at 1.

After reviewing the pleadings and applicable law, the undersigned Magistrate Judge recommends denying Quinn's motion to dismiss for the reasons below.

### I. Relevant Factual and Procedural History

On June 10, 2009, *pro se* Plaintiff Zuluaga brought this action pursuant to 42 U.S.C. §

---

[1] The matter is before the undersigned Magistrate Judge pursuant to a referral order from District Court Judge Peter C. Economus "for general pretrial supervision, including all Motions." ECF No. 6.

(4:09-CV-01326)

1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against Defendants (1) T.R. Sniezek, Warden, (2) Mr. Quinn, Supervisor of Unicor, (3) John Doe, Assistant Warden, and (4) John Doe, Manager of Recycling in Unicor. Zuluaga alleges he was exposed to toxic dust causing him injury while employed with Unicor at Elkton FCI from April 2, 2001 to June 6, 2007. ECF No. 1.

On October 19, 2009, pursuant to 28 U.S.C. §§ 1915A & 1915(e), District Court Judge Peter C. Economus dismissed Defendant T.R. Sniezek and both John Doe Defendants. *See* ECF No. 5 at 5. Judge Economus dismissed Zuluaga's civil rights action under § 1983 and all other claims against all Defendants sued in their official capacities. *See* ECF No. 5 at 2-3. Judge Economus dismissed T.R. Sniezek as a defendant because he is named in the complaint only in his official capacity. *See* ECF No. 5 at 5. Judge Economus also dismissed both John Doe Defendants because the statute of limitations had run on the claims against them. *See* ECF No. 5 at 3-4. Accordingly, Quinn, in his individual capacity, is the only remaining defendant. *See* ECF No. 5 at 5.

On March 5, 2009, Quinn filed the instant motion to dismiss pursuant to Rule 12(b)(1) claiming the Court lacks subject matter jurisdiction because Zuluaga failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). ECF No. 20-1 at 4-8. In his *pro se* opposition filed on March 17, 2010, Zuluaga responded that he "felt that attempting to exhaust his remedies would be a futile effort . . . ." ECF No. 21 at 2 (Emphasis in original). Quinn countered in his response filed on March 25 2010, that "[Zuluaga's] subjective belief that the outcome of exhaustion would be unfavorable

-2-

(4:09-CV-01326)

does not excuse his failure to exhaust." ECF No. 22 at 4 (citation omitted).

## II. Law and Analysis

Without question, an inmate is required to exhaust all administrative remedies before filing a lawsuit charging a violation of civil rights pursuant to 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a). The inmate is not, however, required to plead exhaustion. *Jones v. Bock*, 549 U.S. 199 (2007) (holding that an inmate is not required to specially plead or demonstrate exhaustion in his civil rights complaint). Rather, exhaustion is an affirmative defense that the defendant bears the burden of raising and proving. *Roberts v. Barreras*, 484 F.3d 1236 (10th Cir. 2007).

Sixth Circuit law is quite clear that the PLRA's exhaustion requirement is not jurisdictional. Therefore, failure to exhaust does not deprive this Court with subject matter jurisdiction. *Owens v. Keeling*, 461 F.3d 763, 768 (6th Cir. 2006) (*citing Wyatt v Leonard*, 193 F.3d 876, 879 (6th Cir. 1999) ("[T]he PLRA's exhaustion requirement is 'a necessary prerequisite to filing prisoner claims in federal court' rather than 'jurisdictional . . . .'")); *Tucker v. McAninch*, 162 F.3d 1162, *1 (6th Cir. 1998) (Table) ("[T]he district court should not have dismissed [the] complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). While the provisions of § 1997e(a) are mandatory, the statute does not deprive the district court of subject matter jurisdiction, but merely directs dismissal of a complaint for lack of exhaustion.").

Failure to exhaust may, however, justify a procedural dismissal when properly

(4:09-CV-01326)

presented.[2] Rule 56(c) permits the dismissal of an action when "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.

### III. Conclusion

Based upon the law of this Circuit, the undersigned finds that the Court is not deprived of subject matter jurisdiction based upon an alleged failure to exhaust administrative remedies under the PLRA. As grounds for dismissal, the failure to exhaust administrative remedies pursuant to the PLRA is more appropriately presented to the Court in a motion for summary judgement under Rule 56.

Accordingly, the undersigned recommends that Defendant Quinn's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) be denied. ECF No. 20.

| | |
|---|---|
| June 4, 2010 | s/ *Benita Y. Pearson* |
| Date | United States Magistrate Judge |

### OBJECTIONS

Objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[2] Federal Rule of Civil Procedure 12(d) provides for the conversion of a motion pursuant to Rule 12(b)(6) or 12(c) to one for summary judgment under Rule 56 when the Court is presented with matters outside the pleadings. Fed.R.Civ.P. 12(d). Rule 12(d) does not, however, provide for such a conversion for a motion under Rule 12(b)(1).