PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS A. ZULUAGA, | ) | CASE NO. 4:09-CV-01326 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | BENITA Y. PEARSON |
| T.R. SNIEZEK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT AND RECOMMENDATION** |

Defendants T. R. Sniezek, *et al*., ("Defendants") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (ECF No. 24) is before the undersigned Magistrate Judge, pursuant to Local Rule 3.1. Based upon the record and applicable law, the undersigned recommends granting Defendants' Motion for Summary Judgment.

**I. Facts & Procedural History**

On June 10, 2009, *pro se* Plaintiff Luis A. Zuluaga ("Zuluaga") brought this action pursuant to 42 U.S.C. §1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Zuluaga alleges that he was employed by Unicor at the Federal Correctional Institution in Elkton, Ohio ("FCI Elkton") from April 2, 2001, to June 6, 2007, during which time he was allegedly injured as a result of being exposed to toxic dust. ECF No.

(4:09-CV-01326)

3-1. Zuluaga contends that beginning on August 1, 2002, he complained every day to Defendants regarding their failure to provide protective clothing. ECF No. 3-1 at 4. On June 21, 2007, Zuluaga attempted to initiate an administrative remedy process to address his grievance. ECF No. 3-1 at 4. He alleges, however, that he was thwarted from doing so when he requested an administrative remedy form and was informed, by prison personnel, that he would have "to wait until the counselor came back." ECF No. 3-1 at 4.

On June 26, 2007, Zuluaga was transferred to Northeast Ohio Correctional Center ("NEOCC"), a move he avers was made in retaliation for attempting to exhaust his administrative remedies. ECF Nos. 3-1 at 4; 24-2 at 2. On February 9th, 2009, Zuluaga was transferred to the Federal Correctional Institution in Pekin, Illinois ("FCI Pekin"), where he currently resides. ECF No. 24-2 at 2.

On June 11, 2010, Defendants moved for summary judgment, pursuant to Rule 56, claiming that Zuluaga failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C 1997e(a).[1] ECF No. 24. In support of their motion, Defendants submitted evidence demonstrating that the Federal Bureau of Prisons ("BOP") had an established a procedure for resolving inmate grievances which the Zuluaga failed to fully exhaust, and that this process has been adopted by the NEOCC where Zuluaga was housed.[2]

---

[1] On March 5, 2010, Defendants filed a motion to dismiss Plaintiff's complaint partially on the grounds that Plaintiff had failed to exhaust his administrative remedies. ECF No. 20. The Court denied that motion, finding that a dismissal on the grounds of failure to exhaust is more appropriately presented to the Court in a motion for summary judgment. ECF No. 23.

[2] NEOCC is a privately run correctional facility that contracts with the BOP to house federal inmates. See ECF No. 24-2 at ¶¶ 1 and 5.

(4:09-CV-01326)

ECF No. 24-2 at 3.

Defendants' motion for summary judgment is supported by a declaration of Marisa Davidson who stated that during Zuluaga's incarceration with BOP, Zuluaga had filed a total of eight administrative remedy requests all of which are unrelated to the subject matter of this instant complaint. ECF No. 24-2. Of the eight requests, three were filed while Zuluaga was housed at NEOCC. ECF No. 24-2 at 3.

In his *pro se* opposition, Zuluaga contends that the Defendants are to blame for his failure to exhaust his administrative remedies and, as a result, he should be excused from the exhaustion requirement. ECF No 27 at 2.

## II. Legal Standard

Federal Rule of Civil Procedure 56(c) governs motions summary judgment, and provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a mater of law . . . .

The movant, however, is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Upon review, the Court must view the evidence in light most favorable to the non-moving party to determine whether a genuine issue of material facts exists. *Adickes v. S.H. Kress & Co*., 398 U.S. 144 (1970); *see also White v. Turfway Park Racing Ass'n*., 909 F.2d 941, 943-

(4:09-CV-01326)

44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases, the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established that create a genuine issue of material fact. *Fulson v. Columbus*, 801 F.Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id.*

### III. Exhaustion of Administrative Remedies

Defendants' motion for summary judgment posits one argument: Zuluaga's claims should be dismissed because he failed to exhaust administrative remedies. ECF No. 24. Zuluaga does not deny his failure to exhaust. Rather, he argues that his failure to exhaust administrative remedies should be excused for two reasons. ECF No. 27. First, he contends that administrative

(4:09-CV-01326)

remedies were not "available" to him because prison officials told him such and blocked him from complying with the grievance procedures by means of retaliatory transfers. ECF No. 27. Second, Zuluaga presents a futility argument, suggesting that the requirement to exhaust his administrative remedies should be waived, in this instance, because requiring him to exhaust administrative remedies would be fruitless. ECF No. 27-1. For the reasons below, the Court is not persuaded that Zuluaga was justified in his failure to exhaust administrative remedies.

The Prison Litigation Reform Act ("PLRA") states in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement is mandatory and "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002); *accord Jones v. Bock*, 549 U.S. 199 (2007) (observing that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). Exhaustion under the PLRA requires that a prisoner comply with all procedural rules, including filing deadlines, as a precondition to filing a civil suit in federal court, regardless of the relief offered through the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Booth v. Churner*, 532 U.S. 731 (2001).

In limited circumstances, courts have excused a prisoner's lack of compliance with a prison's grievance system, creating an exemption to the exhaustion requirement. By the express language of section 1997e(a), prisoners are only required to exhaust those remedies that are "available." The Sixth Circuit Court of Appeals has held that the grievance procedures become

(4:09-CV-01326)

unavailable when prison officials have thwarted the inmates attempts at exhaustion. *See Brock v. Kenton County*, 93 F. App'x 793, 798 (6th Cir. 2004). Other courts have similarly allowed exceptions on the same grounds. *See Kaba v. Stepp*, 458 F.3d 678, 684-86 (7th Cir. 2006) (remanding the case to the district court to determine whether prison officials' threats had effectively prevented the prisoner from exhausting his administrative remedies); *see also Brown v. Croak*, 312 F.3d 109, 111-12 (3d Cir. 2002) (holding that administrative remedies were unavailable where the prison officials erroneously told the prisoner that he must wait until the investigation was complete before filing a grievance); *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008) (holding that a prisoner who had been threatened with retaliation by prison officials if he filed a grievance was excused from complying with the PLRA's exhaustion requirements).

Based upon the record, Zuluaga's arguments regarding the unavailability of his administrative remedies and the futility of complying with the mandated process are without merit. Thus, Zuluaga is not exempt from the exhaustion requirement.

### A. Availability

Zuluaga has not presented sufficient evidence to raise a genuine issue of material fact that his remedies were unavailable. The record reflects that neither the comments made by prison officials or the subsequent transfers to different prison facilities obstructed Zuluaga's ability to properly use and exhaust the prison system's mandated administrative remedies.

(4:09-CV-01326)

### 1. Comments Made By Prison Officials

In support of his argument that prison officials impeded his ability to exhaust his administrative remedies, Zuluaga avers that on June 21, 2007–approximately five years after the incidents that gave rise to the complaint in the instant case began–he attempted to exhaust his remedies by requesting a grievance form and "was told that he had to wait until the counselor came back." ECF No. 3-1 at 4. He also mentions an incident that presumably occurred after he was transferred, wherein he was informed by a counselor that there "were no remedies available." ECF No. 27 at 2.

Construing the facts in the most favorable light to Zuluaga, the alleged statements made by prison officials when considered together could conceivably influence whether administrative remedies were available. *See Croak*, 312 F.3d at 112 (concluding that statements made by prison officials about administrative remedy process may render remedies available).[3] In this case, the Court finds that evidence presented by Defendants makes that possibility implausible. Specifically, Defendants rely upon the declaration of Marisa Davidson, an employee of BOP, who attests that Zuluaga has filed several grievances on unrelated matters, after he was allegedly blocked from initiating his remedy process for the claims in this case. ECF No. 24-2 at 3. These

---

[3] The Sixth Circuit requires that a prisoner demonstrate affirmative efforts to comply with the administrative procedures before analyzing whether the prison rendered theses remedies unavailable. *See Brock*, 93 F. App'x at 798. In this case, the timing of events casts suspicion on Zuluaga's efforts to follow the requisite procedures. By Zuluaga's own admission, he was aware of Defendants' alleged failure to supply protective gear, and complained "every day" regarding these failures, but waited approximately five years to make affirmative efforts to comply with the mandated grievance procedures. ECF No. 3-1 at 4. Even that attempt, for the reasons discussed herein were not, by his own admission, consummated.

(4:09-CV-01326)

filings demonstrate that Zuluaga possessed the knowledge and tools to successfully file an administrative grievance, but did not follow that pattern in relation to the instant case. Therefore, Zuluaga's claim that the actions of prison personnel are to blame for his failure to exhaust is not persuasive.

### 2. Transfers

The Court is equally unimpressed with Zuluaga's assertion that the act of being transferred thwarted his efforts to comply with the requisite administrative remedy process. Although Zuluaga contends that the transfer to NEOCC constituted a twenty-month "in-transit" status, he fails to satisfactorily explain how that status impeded his ability to comply with the mandated grievance procedures. ECF No. 27 at 1. The record reveals that the NEOCC was subject to the same administrative remedy process as Zuluaga's former prison, FCI Elkton, and that Zuluaga arrived at the NEOCC on the very same day he left FCI Elkton. ECF No. 24-2 at 3. Thus, Zuluaga cannot successfully argue that there was a significant delay during which his time for filing a grievance expired. That Zuluaga filed several grievances on unrelated matters while in both FCI Elkton and NEOCC[4] further demonstrates that Zuluaga was not only knowledgeable of the BOP's administrative remedy process in the alternate locations, but also capable of exhausting his administrative remedies in accordance with the PLRA. Accordingly, Zuluaga has not shown that his transfers rendered the grievance procedures unavailable for purposes of

---

[4] Defendant states that Zuluaga attempted to exhaust his administrative remedies for the issues related to this case, shortly after arriving at FCI Pekin in February 2009, when he filled out an "Attempt at Informal Resolution" form. Zuluaga, however, failed to complete the available levels of administrative review. ECF No. 35 at 3.

-8-

(4:09-CV-01326)

exhaustion. *See Murrell v. Guy*, 2009 U.S. Dist. Lexis 16027, *17 (E.D. Ky. 2009) (stating that a prisoner's transfer from one facility to another does not render the grievance procedures at the transferor facility "unavailable" for purposes of exhaustion); *Bell v. Reusch*, 2008 WL 2477693, *3-4 (N.D.Ill. 2008) (finding failure to exhaust is not excused by a prisoner's transfer to another institution where prisoner failed to resume appeal process after transfer); *see also Santiago v. Meinsen*, 89 F.Supp.2d 435, 441 (S.D.N.Y. 2000).

### B. Futility

Zuluaga also asserts that the exhaustion requirement should be waived, in this case, because having to exhaust his administrative remedies would be futile. He argues that, because of the monetary amount that he requests and the fact that the place where he was injured-FCI Elkton-no longer has recycling work, he should not be required to go through the established grievance procedures. ECF No. 27-1. Zuluaga's futility argument is squarely opposed to the Supreme Court's directive that futility is not an exception to the exhaustion requirement. *See Booth v. Churner*, 532 U.S. 731, 741 (2001) (stating that the Supreme Court will not read futility into the PLRA's statutory exhaustion requirement). Thus, even if the grievance process could not provide the relief sought by Zuluaga, he must still employ it. *Id*. Because he has failed to employ the grievance process, his claims remain unexhausted.

### IV. Conclusion

It is undisputed that Zuluaga did not exhaust administrative remedies before filing the instant action. He has also failed to demonstrate that he is entitled to an exception to the exhaustion requirement. Thus, the undersigned recommends that Defendants' motion for

(4:09-CV-01326)

summary judgment be granted.

 October 26, 2010                                            s/ *Benita Y. Pearson*
Date                                                            United States Magistrate Judge

## **OBJECTIONS**

       Objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* United States v. Walters, 638 F.2d 947 (6th Cir. 1981); *see also* Thomas v. Arn, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).