UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                          :
LUIS ZULUAGA,                             :
                                          :
                Plaintiff,                :          CASE NO. 4:09-CV-1326
                                          :
       v.                                 :          OPINION & ORDER
                                          :          [Resolving Doc. No. 24]
WARDEN T.R. SNIEZEK, *et al.*,            :
                                          :
                Respondents.              :
                                          :
-----------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       Defendant Dominic Quinn moves for summary judgment on Plaintiff Luis Zuluaga's 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), claims.  On October 26, 2010, Magistrate Judge Benita Y. Pearson issued a Report and Recommendation recommending that this Court grant Defendant Quinn's motion for summary judgment. [Doc. 39.] The Plaintiff did not object to the Magistrate Judge's Report and Recommendation.   The Court thus **ADOPTS** Magistrate Judge Pearson's Report and Recommendation.

       On June 10, 2009, the Plaintiff sued Defendants T.R. Sniezek, Quinn, and John Does.  The Plaintiff, an inmate formerly working at the Elkton, Ohio Federal Correctional Institution's electronics recycling facility, alleges that the Defendants failed to provide protective clothing, thereby causing Zuluaga's exposure to toxic dust.  The Plaintiff adds that the Defendants obstructed his attempts to seek administrative remedies on these harmful acts, and transferred Zuluaga to the

Case No. 4:09-CV-1326
Gwin, J.

Northeast Ohio Correctional Center in retaliation for seeking administrative remedy. [Doc. 3-1 at 4-5.] On October 18, 2009, Judge Peter C. Economus dismissed the Plaintiff's claims against Defendants Sniezek and John Does, leaving only Zuluaga's claims against Defendant Quinn in his individual capacity. [Doc. 5.]

On June 11, 2010, Quinn filed for summary judgment. Quinn claims that Zuluaga failed to exhaust his prison administrative remedies under the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a). Zuluaga responds that the Defendants' actions caused this failure to exhaust administrative remedies and that imposing the Act's exhaustion requirement would be futile. [Doc. 27.] Specifically, Zuluaga says that his access to administrative remedies was denied when the Defendants told him to wait to request an administrative grievance form and when they transferred the Plaintiff to another prison facility.

In her Report and Recommendation, the Magistrate Judge found that Zuluaga has not presented evidence raising a genuine issue of material fact as to the unavailability of administrative remedies. In addition, the Magistrate Judge noted that Supreme Court precedent precludes alleging futility as an exception to the exhaustion requirement. [Doc. 39.] *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C). Parties must file any objections to a Report and Recommendation within fourteen days of service. *Id.* Failure to object within this time waives a party's right to appeal the magistrate judge's recommendation. Fed. R. Civ. P. 72(a); *see also Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Absent objection, a

Case No. 4:09-CV-1326
Gwin, J.

district court may adopt the Magistrate's report without review.  *See Thomas*, 474 U.S. at 149.

Moreover, having conducted its own review of the parties' briefs on the issue, the Court agrees with

the conclusions of the Magistrate Judge.

Accordingly, the Court **ADOPTS** in whole Magistrate Judge Pearson's findings of fact and

conclusions of law and incorporates them fully herein by reference.  The Court thus **GRANTS**

Defendant Quinn's motion for summary judgment.

IT IS SO ORDERED.


Dated: November 16, 2010                        s/                 *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE